**Ronald AU, Plaintiff,**

**v.**

**The FUNDING GROUP, INC.; American Home Mortgage Servicing, Inc., nka Homeward Residential, Inc.; Option One Mortgage Corporation, nka Sand Canyon Corporation; Doe Defendants 1–10; Doe Corporations 1–10, Defendants.**

No. CV 11–00541 SOM–KSC.

United States District Court, D. Hawai'i.

March 21, 2013.

Ronald Au, Honolulu, HI, pro se.

James B. Rogers, Alston Hunt Floyd & Ing, Chanelle Mari Chung Fujimoto, Debra M. Pruitt, Steven K.S. Chung, Imanaka Asato, LLLC, Gregory A. Ferren, Ste-

ven Chung & Associates LLLC, Honolulu, HI, for Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

SUSAN OKI MOLLWAY, Chief Judge.

Findings and Recommendation having been filed and served on all parties on February 20, 2013, and no objections having been filed by any party,

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.2, the "Findings and Recommendation to Grant in Part and Deny in Part Defendant Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc.'s Motion for Attorneys' Fees and Costs" are adopted as the opinion and order of this Court.

APPROVED AND SO ORDERED.

## FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HOMEWARD RESIDENTIAL, INC., FORMERLY KNOWN AS AMERICAN HOME MORTGAGE SERVICING, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS

KEVIN S.C. CHANG, United States Magistrate Judge.

Before the Court is Defendant Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc.'s ("Defendant") Motion for Attorneys' Fees and Costs ("Motion"),[1] filed December 21, 2012. On January 2, 2013, SCC filed a Statement of No Position. On January 4, 2013, Defendant filed a Statement of Consultation ("SOC"). Plaintiff Ronald Au ("Plaintiff") filed an Opposition on February 1, 2013.[2] Defendant filed a Reply on February 15, 2013.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After reviewing the Motion, the supporting and opposing memoranda, and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART, and that Defendant be awarded $16,560.39 in attorneys' fees and $14.10 in costs for the reasons set forth below.

## BACKGROUND

As the Court and the parties are familiar with the history of this case, the Court includes only those facts relevant to the instant Motion.

On August 11, 2011, Plaintiff commenced the instant action, pleading the following causes of action: 1) breach of contract; 2) breach of promissory estoppel; 3) violation of the Real Estate Settlement and Procedures Act ("RESPA"), federal statutes, Hawaii Revised Statutes ("HRS") 454 and 454F as amended; 4) intentional or negligent misrepresentation and fraud; and 5) unfair and deceptive practices, HRS Chapter 454f as amended, HRS 480.

On September 6, 2011, SCC filed a Notice of Removal.

1. Defendant Option One Mortgage Corporation, now known as Sand Canyon Corporation ("SCC") also filed a motion for attorneys' fees and costs which has been addressed in a separate findings and recommendation.

2. Plaintiff's Opposition is untimely. Pursuant to Local Rule 54.3(f), it was due 14 days after service of the SOC. Defendant asks that the Court strike or disregard the Opposition. The Court declines to strike or disregard the Opposition, noting that the ultimate recommendation herein would be the same whether or not the Opposition is considered.

On September 22, 2011, Defendant filed a Motion to Dismiss. SCC joined in the motion. On January 17, 2012, Chief U.S. District Judge Susan Oki Mollway granted the motion to dismiss and granted Plaintiff leave to file a motion to amend by February 17, 2012. Doc. No. 38.

Plaintiff timely filed a motion to file first amended complaint, which this Court denied without prejudice. Doc. No. 45. This Court granted Plaintiff another opportunity to file a motion to amend his complaint by May 25, 2012. *Id.* On May 24, 2012, Plaintiff filed a motion to file second amended complaint. On July 31, 2012, this Court issued an Order Denying Plaintiff's Motion to File Second Amended Complaint ("Order"). Doc. No. 58.

On August 9, 2012, Plaintiff sought reconsideration of the Order. This Court issued an Order Denying Plaintiff Ronald Au's Motion to Reconsider Motion to File Second Amended Complaint and in the Alternative, Motion to File Renewed First Amended Complaint ("Reconsideration Order"). Doc. No. 61. Plaintiff appealed both the Order and the Reconsideration Order on August 23, 2012. On August 24, 2012, 2012 WL 3686893, Chief Judge Mollway affirmed both orders. Doc. No. 64.

On December 11, 2012, Chief Judge Mollway directed that judgment enter in Defendants' favor. Doc. No. 75. The Clerk entered judgment that same day. Doc. No. 76.

The present Motion followed.

## DISCUSSION

### I. *Attorneys' Fees*

#### A. *Entitlement to Attorneys' Fees*

Defendant argues that as the prevailing party in this action in the nature of assumpsit and/or one on a promissory note or contract in writing that expressly provides for the recovery of an attorney's fee, it is entitled to $25,453.84 in attorneys' fees pursuant to HRS § 607–14. Plaintiff contends that this action is not in the nature of assumpsit and there is no provision authorizing the award of fees.

▬ A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees. *See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1236 (9th Cir.2001). Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted); *DFS Group, L.P. v. Paiea Props.*, 110 Hawai'i 217, 219, 131 P.3d 500, 502 (2006) (quoting *TSA Int'l, Ltd. v. Shimizu Corp.*, 92 Hawai'i 243, 263, 990 P.2d 713, 733 (1999) ("Generally, under the 'American Rule,' each party is responsible for paying his or her own litigation expenses. A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or agreement.")).

▬ HRS § 607–14 is a statutory exception to the American Rule. *DFS,* 110 Hawai'i at 219, 131 P.3d at 502. It mandates the recovery of fees when a promissory note or contract provides for the same, in writing, or when an action is in the nature of assumpsit, and states, in pertinent part:

In all the courts, **in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee,** there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; pro-

vided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed ... The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

Haw.Rev.Stat. § 607–14 (emphasis added). Attorneys' fees may therefore be awarded under HRS § 607–14 "in three types of cases: (1) all actions in the nature of assumpsit; (2) all actions on a promissory note; and (3) contracts in writing that provides for an attorney's fee." *Eastman v. McGowan*, 86 Hawai'i 21, 31, 946 P.2d 1317, 1327 (1997). A court awarding attorneys' fees pursuant to § 607–14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable. *See Blair v. Ing*, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001).

### 1. *Prevailing Party*

■ Section 607–14 states that reasonable attorneys' fee shall be taxed in favor of the prevailing party and against the losing party. The Hawaii courts have not-

ed that " '[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be....' " *MFD Partners v. Murphy*, 9 Haw.App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54–323–54–324, (2d ed. 1992)) (some alterations in original); *see also Village Park Cmty. Ass'n v. Nishimura*, 108 Hawai'i 487, 503, 122 P.3d 267, 283 (Haw. Ct.App.2005) (citation omitted). Thus, under Hawaii law, in order to be deemed the prevailing party for purposes of § 607–14, Defendant must have obtained final judgment in its favor. The judgment need not result from a ruling on the merits. *Ranger Ins. Co. v. Hinshaw*, 103 Hawai'i 26, 31, 79 P.3d 119, 124 (2003) (quoting *Wong v. Takeuchi*, 88 Hawai'i 46, 49, 961 P.2d 611, 614 (1998)); *see also Blair*, 96 Hawai'i at 331, 31 P.3d at 189 ("[A] defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607–14."). Insofar as the Court entered final judgment in Defendant's favor, there can be no dispute that Defendant is the prevailing party.

### 2. *Attorneys' Fees Provision*

■ Defendant asserts that it is entitled to attorneys' fees in accordance with the attorneys' fee provision in the Mortgage.[3] The Mortgage contains a reimbursement provision stating:

28. Reimbursement. To the extent permitted by applicable law, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by

---

**3.** Defendant raised this argument in response to Plaintiff's contention that the subject Mort-

gage does not contain an express provision for attorneys' fees. Reply at 3–4.

law or in equity or otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument. To the extent permitted by applicable law, Borrower shall pay to Trustee and Lender their fees in connection with Trustee and Lender including, but not limited to ... legal fees ... and all other fees and costs of a similar nature not otherwise prohibited by law.

Opp'n, Ex. 1. Insofar as Plaintiff alleged a breach of this Mortgage, *see* Compl. at ¶ 10, this action constitutes an action on a contract in writing that provides for an attorney's fee. Accordingly, Defendant, as the prevailing party, is entitled to reasonable attorneys' fees.

### 2. *Assumpsit*

██ Even if the Mortgage did not provide for the recovery of fees, Defendant would be entitled to fees because this action is in the nature of assumpsit. "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." *808 Dev., LLC v. Murakami*, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted); *Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir.1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.' ").

██ However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." *TSA*, 92 Hawai'i at 264, 990 P.2d at 734. " '[T]he nature of a claim' is 'determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.' " *S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 76 Hawai'i 396, 400, 879 P.2d 501, 505 (1994). It is well-established that "[w]hen there is a doubt as to whether the action is in assumpsit or tort, there is a presumption that the suit is in assumpsit." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir.2003) (quoting *Leslie v. Estate of Tavares*, 93 Hawai'i 1, 6, 994 P.2d 1047, 1052 (2000) (citing *Healy–Tibbitts Constr. Co. v. Hawaiian Indep. Refinery, Inc.*, 673 F.2d 284, 286 (9th Cir. 1982))); *see also Helfand*, 105 F.3d at 537. "Further, a plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit." *Helfand*, 105 F.3d at 537 (citing *Healy–Tibbitts*, 673 F.2d at 286).

██ Although the Court looks to the substance of the entire pleading, it must also "determine whether each individual claim alleged in a complaint sounds in assumpsit or tort." *Kona Enters. v. Estate of Bernice Pauahi Bishop*, 229 F.3d 877, 885 (9th Cir.2000).

#### a. *Breach of Contract/Breach of Promissory Estoppel*

The breach of contract and breach of promissory estoppel claims are clearly in the nature of assumpsit. *Murakami*, 111 Hawai'i at 366, 141 P.3d at 1013; *Helfand*, 105 F.3d at 537.

#### b. *RESPA/HRS Chapter 454*

The RESPA/HRS Chapter 454 claims are statutory and are therefore not in the nature of assumpsit.

#### c. *Intentional or Negligent Misrepresentation and Fraud*

██ Plaintiff's intentional or negligent misrepresentation and fraud claim is based in tort and therefore not in the nature of assumpsit. Both negligent and intentional

misrepresentation are torts. *Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship*, 115 Hawai'i 201, 228, 166 P.3d 961, 988 (2007) (citing *Kohala Agric. v. Deloitte & Touche*, 86 Hawai'i 301, 304, 949 P.2d 141, 144 (Haw.Ct.App.1997)) (Hawaii "has adopted the Restatement (Second) of Torts § 552 addressing the tort of negligent misrepresentation."). Likewise, Plaintiff's fraud claim, even if it relates to a contract between the parties, sounds in tort. *TSA*, 92 Hawai'i at 264, 990 P.2d at 734; *see also JJCO, Inc. v. Isuzu Motors Amer., Inc.*, Civil No. 08–00419 SOM/LEK, 2010 WL 4272980 (D.Haw. Oct. 21, 2010) (noting that the magistrate judge found that JJCO's claim for fraud was not in the nature of assumpsit).

### d. Unfair and Deceptive Practices, HRS Chapter 454f as amended, HRS 480

▓ Plaintiff's HRS Chapter 480 unfair and deceptive trade practices cause of action is statutory and is not in the nature of assumpsit. Although § 480–13 provides for the recovery of attorneys' fees, this section applies to plaintiffs, not defendants. Thus, Defendant could not recover fees with respect to this claim alone. *TSA*, 92 Hawai'i at 264 n. 9, 990 P.2d at 734 n. 9 (the parties do not dispute that the "statutory causes of action (i.e., securities violation under HRS ch. 485, fraud on creditors under HRS ch. 651C, unfair competition under HRS ch. 480, and RICO under 18 U.S.C. § 1962) do not authorize an award of fees to a successful defendant under these circumstances."). In addition, the Hawaii Supreme Court has held that "[p]laintiffs in an action for unfair and deceptive business practices are entitled only to an award of reasonable attorney's fees under HRS § 480–2 and 480–13 and are not entitled, in addition, to attorney's fees in assumpsit under HRS § 607–14." *Leibert v. Fin. Factors, Ltd.*, 71 Haw. 285, 286, 788 P.2d 833, 835 (1990).

### 3. Apportionment Between Assumpsit and Nonassumpsit Claims

Having concluded that two of the five claims in the Complaint are in the nature of assumpsit, the Court must now determine whether it is practicable to apportion the award of attorneys' fees between said claims. Defendant argues that apportionment would be impracticable because all of the claims were premised on the same allegations of contractual mismanagement; that is, all claims were inextricably linked to Plaintiff's breach of contract claim.

▓ When a case involves both assumpsit and nonassumpsit claims, "a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." *TSA*, 92 Hawai'i at 264, 990 P.2d at 734 (citation omitted). In conducting this analysis, courts must determine whether each individual claim alleged in the complaint sounds in assumpsit or in tort and apportion fees between the assumpsit and non-assumpsit claims if practicable. *Kona Enters.*, 229 F.3d at 885. However, in some cases it may be impracticable or impossible to apportion fees. *See, e.g., Blair*, 96 Hawai'i at 333, 31 P.3d at 190 ("Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims."). Thus, under *Blair*, a court may award reasonable attorneys' fees pursuant to HRS § 607–14 to a party who succeeds on a contract claim that is "inextricably linked" to a tort claim, and decline to apportion fees. *Id.*

▓ In the present case, the Court finds that apportionment would be difficult, if not impossible. Despite the fact that only two of the claims asserted by

Plaintiff are in the nature of assumpsit, the Court concludes that it cannot practicably apportion between the assumpsit and non-assumpsit claims because the claims are inextricably intertwined. Plaintiff's nonassumpsit claims were inextricably linked to and derived from the breach of contract claim. Moreover, the hours expended in this action and motions practice were not directed at any specific claims. Consequently, the Court declines to apportion the fees between the assumpsit and non-assumpsit claims.

### 4. Twenty–Five Percent Limitation on Fees

■ Defendant argues that § 607–14's 25% limitation should be based off of the $300,000.00 loan amount. The Court agrees. Because Defendant obtained judgment in this action, the 25% limitation should be based on the amount sued for. Haw.Rev.Stat. § 607–14. Although Plaintiff did not pray for a specific amount in damages, with respect to each Count in the Complaint, he sought special and general damages; offsets and credits; and recoupment. Plaintiff additionally requested treble and punitive damages. Under the circumstances, it would be proper for the Court to base the calculation on the value of the loan amount. *Eckerle v. Deutsche Bank Nat'l Trust*, Civ. No. 10–00474 SOM–BMK, 2012 WL 896266, at *4 (D.Haw. Feb. 21, 2012) (relying on amount of original mortgage for the purposes of the 25% limitation).[4] Defendant's $25,453.84 fee request falls well below $75,000.00, which is 25% of $300,000.00.

### B. Calculation of Fees

■ The Court shall now calculate the reasonableness of the fees requested by Defendant. Hawaii courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *See DFS*, 110 Hawai'i at 222, 131 P.3d at 505. The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See id.* at 222–23, 131 P.3d at 505–06. In addition, Hawaii courts may consider the following factors:

(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

*Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai'i*, 106 Hawai'i 416, 435, 106 P.3d 339, 358 (2005) (citations omitted). These factors, however, are merely guides; courts need not consider them in every case. *See id.* In certain types of cases, some of these factors may justify applying a multiplier to the "lodestar" amount. *See Chun v. Bd. of Trs. of Employees' Ret.*

4. Given Defendant's fee request and the Court's ultimate recommendation as to the fee award, the figure could be substantially lower and the award would still fall well within the 25% limitation.

*Sys. of Hawai'i,* 92 Hawai'i 432, 442, 992 P.2d 127, 137 (2000).

Defendant requests $25,453.84 in attorneys' fees, as reflected in the following table:

| NAME | HOURS | RATE | TOTAL |
|------|-------|------|-------|
| Paul Alston | 10.3 | $567.00 | $ 5,840.10 |
| Stephen Tannenbaum | 15.8 | $225.00 | $ 3,555.00 |
| J. Blaine Rogers | 14.3 | $183.80 | $ 2,628.34 |
| J. Blaine Rogers (from 1/2/12) | 48 | $220.00 | $10,560.00 |
| Kelly Guadagno | 10.3 | $131.30 | $ 1,352.39 |
| Kelly Guadagno (from 1/2/12) | 2.7 | $138.00 | $ 372.60 |
| Subtotal | | | $24,308.43 |
| *TAX (4.712%)* | | | $ 1,145.41 |
| TOTALS | 98.7 | | $25,453.84 |

### 1. *Reasonable Hourly Rate*

Defendant requests the following hourly rates: 1) Paul Alston—$567; 2) Stephen Tannenbaum—$225; 3) J. Blaine Rogers—$183.80 and $220; and 4) Kelly Guadagno—$131.30 and $138. The Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate. *See, e.g., Reiche v. Ferrera,* No. 24449, 2003 WL 139608, at *8 (Hawai'i.Ct.App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing *United States v. Metro. Dist. Comm'n,* 847 F.2d 12, 19 (1st Cir.1988)). *But see DFS,* 110 Hawai'i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates). This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

 In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. *See Webb v. Ada County,* 285 F.3d 829, 840 & n. 6 (9th Cir.2002). The reasonable hourly rate should reflect the prevailing market rates in the community. *See id.; Gates v.*

*Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992), *as amended on denial of reh'g,* (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); *see also Chun,* 106 Hawai'i at 435, 106 P.3d at 358 (listing "the customary charges of the Bar for similar services" as a factor that may be considered). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. *See Jordan v. Multnomah County,* 815 F.2d 1258, 1263 (9th Cir.1987).

 This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and defense counsel's submissions, this Court finds that the requested hourly rates are excessive. With respect to Mr. Alston, the Court finds reasonable an hourly rate of $395. *Eggs 'N Things Int'l Holdings PTE, Ltd. v. ENT Holdings LLC.,* Civil No. 11–00626 LEK–KSC, 2012 WL 1231962, at *2 (D.Haw. Mar. 20, 2012), *adopted by Eggs 'N Things Int'l Holdings*

*Pte, Ltd. v. ENT Holdings LLC.,* Civil No. 11–00626 LEK–KSC, 2012 WL 1231992 (D.Haw. Apr. 11, 2012) (finding reasonable an hourly rate of $395 for Mr. Alston). The Court acknowledges that Senior U.S. District Judge Alan C. Kay recently awarded Mr. Alston an hourly rate of $450. *Olson v. Lui,* 2012 WL 3686682, at (D.Haw. Aug. 27, 2012).[5] However, the Court declines to accept that hourly rate in this action, given the non-complex nature of the litigation. Moreover, given its extensive experience with attorneys' fees motions, this Court believes that $450 is excessive and not in line with the fee awards in this district. To ensure consistency within this district, the Court is guided by the hourly rates generally awarded in this district, not the amounts charged to clients, nor rates that appear to be outliers.

As for the remaining attorneys and paralegal, the Court finds that the requested rates are slightly excessive in view of the rates typically awarded in this district. The Court consequently reduces the requested hourly rates and concludes that the following hourly rates are reasonable: 1) Mr. Tannenbaum—$200; 2) Mr. Rogers—$165; and 3) Ms. Guadagno—$85.

### 2. *Reasonableness of Hours Expended*

 For the reasoning stated in Section B.1, this Court finds federal case instructive on the reasonableness of the time expended by counsel. Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. *See Tirona v. State Farm Mut. Auto. Ins. Co.,* 821 F.Supp. 632, 636 (D.Haw.1993) (citations omitted); *see also Sharp v. Hui Wahine,* 49 Haw. 241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and necessarily incurred). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. *See Tirona,* 821 F.Supp. at 637 (citing *INVST Fin. Group v. Chem–Nuclear Sys.,* 815 F.2d 391, 404 (6th Cir.1987), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987)). Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Soler v. G & U, Inc.,* 801 F.Supp. 1056, 1060 (S.D.N.Y.1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. *See Gates,* 987 F.2d at 1399 (quoting *Hensley,* 461 U.S. at 433–34, 103 S.Ct. 1933).

After careful review of Defendant's submissions, the Court finds that reductions for clerical work, work completed on a different case, and block billing are necessary and appropriate.

### a. *Clerical or Ministerial Tasks*

 Some of counsel's time entries reflect billing for clerical/ministerial work, and must be reduced accordingly. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in

---

**5.** In *Olson,* Judge Kay cited awards granted to Mr. Alston in state court. This Court is not bound or guided by state court fee awards. Judge Kay also cited a case in which Mr. Alston was awarded an hourly rate of $540/$567. *Olson,* 2012 WL 3686682, at *3 (citing *Eckerle v. Deutsche Bank Nat'l Trust,* Civ. No. 10–00474 SOM–BMK, Doc. No. 74, 2012 WL 896258 (Mar. 14, 2012)). However, the Court finds that in the present case, Defendant has failed to adequately establish why Mr. Alston is entitled to such an excessive rate, particularly given this Court's recent determination that he is entitled to $395/hour. *Eggs 'N Things,* 2012 WL 1231962, at *2. Notably, Defendant did not cite either *Olson* or *Eckerle* in support of the request.

**1276**

the charged hourly rate." *Jeremiah B. v. Dep't of Educ.*, Civil No. 09–00262 DAE–LEK, 2010 WL 346454, at *5 (D.Haw. Jan. 29, 2010) (citing *Sheffer v. Experian Info. Solutions, Inc.*, 290 F.Supp.2d 538, 549 (E.D.Pa.2003)).

The following is a list of tasks previously deemed clerical or ministerial in this district and therefore deemed non compensable:

· reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.[6]

*Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc.*, Civ. No. 09–00304 SOM–BMK, 2010 WL 4974867, *5 (D.Haw. Dec. 1, 2010), *adopted by Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., NC,* Civ. No. 09–00304 SOM–BMK, 2010 WL 5395669 (D.Haw. Dec. 22, 2010); *see also, e.g., Yamada v. Weaver,* Civil No. 10–00497 JMS–RLP, 2012 WL 6019363, at *10 (D.Haw. Aug. 30, 2012), *adopted in pertinent part by Yamada v. Weaver,* Civil No. 10–00497 JMS–RLP, 2012 WL 6019121 (D.Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

■ Here, counsel worked on clerical tasks such as reviewing court notices; communicating with the court; and scheduling dates and deadlines. Counsel expended the following hours on clerical

tasks: 1) Mr. Alston—0.2 hours; 2) Mr. Rogers—2.2 hours; and 3) Ms. Guadagno—0.1 hours. Therefore, 2.5 hours should be excluded from Defendant's fee award.

#### b. *Work on Different Case*

■ Counsel has included some hours that were incurred in connection with another action initiated by Plaintiff, *Au v. Republic State Mortgage Company,* Civil No. 11–00251 JMS–KSC. Although the hours may have been legitimately and reasonably incurred in that action, they are not compensable in this action. Mr. Alston expended 5.2 hours, and Mr. Rogers spent 0.4 hours, on tasks related to Civil No. 11–00251.[7] The Court accordingly recommends that Defendant's hours be reduced by 5.6 hours.

#### c. *Block Billing*

Finally, the Court must reduce some of the requested hours due to "block billing." "The term 'block billing' refers to the timekeeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Robinson v. City of Edmond,* 160 F.3d 1275, 1284 n. 9 (10th Cir.1998) (citations and quotation marks omitted). Block billing entries generally fail to specify a breakdown of the time spent on each task.

■ District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks. *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 948 (9th Cir.2007). *See also id.* (citing *Role Models Am., Inc. v. Brownlee,*

---

**6.** This list is a sampling and is not exhaustive.

**7.** For example, Mr. Alston's 9/21/11, 10/30/11, 10/31/11, 11/2/11, and 11/15/11 time entries

clearly relate to work completed in connection with Civil No. 11–00251 because the documents and filings referenced therein are exclusive to that action.

353 F.3d 962, 971 (D.C.Cir.2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); *see also Hensley,* 461 U.S. at 437, 103 S.Ct. 1933 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")). Indeed, it is a challenge to determine the reasonableness of a time entry when it includes several tasks.

■■■ Counsel's use of block billing with respect to certain time entries makes it difficult, if not impossible, for the Court to ascertain the reasonableness of the hours expended as to those entries. Hence, the Court imposes an across-the-board reduction of 15% as to the entries that are in the "block billing" format. *Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc.,* No. CV 06–00663 JMS–BMK, 2007 WL 2258725, at *3 (D.Haw. Aug. 3, 2007) (reducing block billed hours by 20%).

Mr. Alston billed 0.9 hours in the block format and Mr. Tannenbaum billed 5.8 hours in the block format. As such, the following reductions should be made: 1) Mr. Alston—0.135 hours and 2) Mr. Tannenbaum—0.87 hours.

In sum, the Court recommends that counsel's hours be reduced as follows: 1) Mr. Alston—5.535 hours; 2) Mr. Tannenbaum—0.87 hours; 3) Mr. Rogers—2.6 hours; and 4) Ms. Guadagno—0.1 hours. Applying these reductions, the Court finds that Mr. Alston reasonably expended 4.765 hours; Mr. Tannenbaum reasonably expended 14.93 hours; Mr. Rogers reasonably expended 59.7 hours; and Ms. Guadagno reasonably expended 12.9 hours in connection with this litigation.

### 3. Total Fee Award

The Court is satisfied that Defendant has established the appropriateness of the following attorneys' fees incurred in the present action:

| NAME | HOURS | RATE | TOTAL |
| --- | --- | --- | --- |
| Paul Alston | 4.765 | $395.00 | $ 1,882.18 |
| Stephen Tannenbaum | 14.93 | $200.00 | $ 2,986.00 |
| J. Blaine Rogers | 59.7 | $165.00 | $ 9,850.50 |
| Kelly Guadagno | 12.9 | $ 85.00 | $ 1,096.50 |
| Subtotal | | | $15,815.18 |
| TAX (4.712%) | | | $ 745.21 |
| TOTALS | 92.295 | | $16,560.39 |

As earlier discussed, the recommended $16,560.39 award falls well below § 607–14's 25% limitation.

Defendant requests leave to file a supplemental declaration for fees incurred since it filed this Motion. Defendant is granted leave to do so, but the request should be consistent with this Findings and Recommendation and applicable law. The inclusion of hours for work routinely deemed non-compensable in this district may result in a recommendation that the

supplemental request be denied in its entirety.

### II. Costs

■■■ Defendant additionally requests $14.10 in copying costs. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose

favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b)." Local Rule 54.2(a).

Courts have discretion to award costs pursuant to Rule 54(d). *See Yasui v. Maui Elec. Co., Ltd.,* 78 F.Supp.2d 1124, 1126 (D.Haw.1999). The burden is on the losing party to demonstrate why costs should not be awarded. *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir. 1999).

 In this case, Defendant is the "prevailing party." The Court will therefore tax statutorily permitted costs in its favor. While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920. *See Yasui,* 78 F.Supp.2d at 1126 (citing *Alflex Corp. v. Underwriters Labs., Inc.,* 914 F.2d 175, 177 (9th Cir.1990); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)). Section 1920 enumerates the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *Yasui,* 78 F.Supp.2d at 1126.

Defendant requests $14.10 in copying costs. Section 1920(4) provides for the taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Local Rule 54.2(f)(4) provides:

The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)(4). Defendant has submitted documentation to support its request. Mot., Ex. E. Defendant incurred the costs to serve Plaintiff with pleadings and the copies cost $0.10/page, which is less that the per page amount authorized by the Court. As such, the Court recommends that Defendant be awarded $14.10 in copying costs.

### CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendant's Motion for Attorneys' Fees and Costs, filed December 21, 2012, and award Defendant $16,560.39 in attorneys' fees and $14.10 in costs.

IT IS SO FOUND AND RECOMMENDED.