**I.T., by and through his parents RENEE and Floyd T., Plaintiffs,**

**v.**

**DEPARTMENT OF EDUCATION, State of HAWAII, Defendant.**

**Civil No. 11–00676 LEK–KSC.**

United States District Court, D. Hawai'i.

Signed April 29, 2014.

Denise W. Wong, Ogomori & Yoshimoto, LLP, Jerel D. Fonseca, Fonseca & Ching, John P. Dellera, Honolulu, HI, for Plaintiffs.

James E. Raymond, Honolulu, HI, for Defendant.

*ORDER DENYING PLAINTIFFS' OB-JECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S SECOND MOTION FOR ATTORNEYS' FEES AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION*

LESLIE E. KOBAYASHI, District Judge.

On February 27, 2014, the magistrate judge issued the "Findings and Recom-

mendation to Grant in Part and Deny in Part Plaintiff's Second Motion for Attorneys' Fees and Related Nontaxable Expenses" ("F & R"). [Dkt. no. 78.] On March 12, 2014, Plaintiffs I.T. ("Student"), by and through his parents Renee and Floyd T. (collectively "Plaintiffs"), filed their objections to the F & R ("Objections"). [Dkt. no. 79.] Defendant Department of Education, State of Hawai'i ("Defendant" or "the DOE"), filed its response to the Objections ("Response") on March 25, 2014. [Dkt. no. 81.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules"). After careful consideration of the Objections, Response, and the relevant legal authority, this Court HEREBY DENIES Plaintiffs' Objections and ADOPTS the F & R, for the reasons set forth below.

### BACKGROUND

The factual and procedural background relevant to the merits of this case is set forth in this Court's September 11, 2012 Amended Order Affirming in Part and Vacating and Remanding in Part the Hearings Officer's October 6, 2011 Decision ("9/11/12 Order"), [dkt. no. 31,] and in this Court's December 17, 2013 Order Revising the Hearings Officer's June 5, 2013 Decision on Remand, and Awarding Compensatory Education ("12/17/13 Order") [dkt. no. 68].[1] Thus, this Court will only discuss the background related to the attorneys' fees issue.

After this Court issued the 9/11/12 Order, Plaintiffs filed a Motion Attorneys' Fees and Related Nontaxable Expenses on September 25, 2012 ("First Fee Motion").

[Dkt. no. 32.] On November 30, 2012, 2012 WL 6969333, the magistrate judge issued his findings and recommendation to grant in part and deny in part the First Fee Motion ("First F & R"). [Dkt. no. 42.] The magistrate judge recommended that this Court reduce Plaintiffs' requested award of $71,693.95 in attorneys' fees to an award of $46,504.48. [First F & R at 6, 28.] After applying various reductions, the magistrate judge reduced the adjusted request amount, based on limited success, by twenty percent, equivalent to $11,626.13 in attorneys' fees with general excise tax. [Id. at 22–28.] Plaintiffs filed objections to the First F & R on December 14, 2012. [Dkt. no. 45.] On January 31, 2013, this Court issued an order denying Plaintiffs' objections to the First F & R and adopting the First F & R as the order of this Court ("1/31/13 Order"). [Dkt. no. 46.[2]] In the 1/31/13 Order, this Court, inter alia, denied Plaintiffs' objection to the reduction for limited success. This Court ruled that the magistrate judge "correctly concluded that Plaintiff's success was limited, and that 'much of the relief sought in this appeal was denied.'" 1/31/13 Order, 2013 WL 419016, at *6 (citing First F & R at 25).

Following this Court's 12/17/13 Order, Plaintiffs filed their Second Motion for Attorneys' Fees and Related Nontaxable Expenses ("Fee Motion"). [Filed 12/30/13 (dkt. no. 71).] In the Fee Motion, Plaintiffs seek the restoration of the fees deducted for limited success in the 1/31/13 Order, [Mem. in Supp. of Fee Motion at 9,] as well as an award for work performed in this case after November 1, 2012 [id. at 12 & n. 5]. Plaintiffs request a total of $60,715.11 in attorneys' fees, with general

---

1. The 9/11/12 Order is also available at 2012 WL 3985686, and the 12/17/13 Order is also available at 2013 WL 6665459.

2. The 1/31/13 Order is also available at 2013 WL 419016.

excise tax. [*Id.* at 23.] In the F & R, the magistrate judge: rejected Plaintiffs' request for restoration of the limited success reduction in the 1/31/13 Order; [F & R at 1058–59;] reduced Plaintiffs' counsel John Dellera, Esq.'s requested hourly rate to $300; [*id.* at 1061;] deducted from Mr. Dellera's request hours that the magistrate judge found excessive and hours that the magistrate judge found were attributable to clerical or ministerial tasks; [*id.* at 1061–63;] and reduced Plaintiffs' remaining post-November 1, 2012 fees by twenty percent for limited success [*id.* at 1063–65]. The magistrate judge therefore recommended an award of $29,544.00 in attorneys' fees and $1,392.11 in tax, for a total of $30,936.11. [*Id.* at 1065.]

In the instant Objections, Plaintiffs argue that the magistrate judge erred in: denying the request to restore the fees deducted for limited success in the First F & R and in the 1/31/13 Order; reducing Mr. Dellera's hourly rate for the work performed after November 1, 2012; reducing Mr. Dellera's requested hours for time purportedly reflecting clerical or ministerial tasks and block billing; and reducing the post-November 1, 2012 request based on limited success.

## STANDARD

■ This district court reviews a magistrate judge's findings and recommendations regarding an award of attorneys' fees under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424

(1980); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir.2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir.1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir.1989).

*Valencia v. Carrington Mortg. Servs., LLC*, Civil No. 10–00558 LEK–RLP, 2013 WL 3223628, at *5 (D.Hawai'i June 25, 2013).

## DISCUSSION

### I. Restoration of Prior Reduction

■ In the instant Objections, Plaintiffs characterize the 1/31/13 Order as issuing only an "interim award." *See, e.g.*, Objections at 2. Plaintiffs argue that, in light of the 12/17/13 Order's reversal of the Administrative Hearings Officer's ("Hearings Officer") June 5, 2013 Remanded Decision Subsequent to U.S. District Judge Leslie Kobayashi's September 10, 2012 Amended Order Affirming in Part, and Vacating and Remanding in Part, the Hearings Officer's October 6, 2011 Decision ("Decision on Remand") and in light of the 12/17/13 Order's award of $44,335.53 in tuition reimbursement as compensatory education, Plaintiffs' "degree of success improved materially" and "the reduction of 20% [in the

1/31/13 Order] is no longer appropriate." [Objections at 3–4.]

First, Plaintiffs' characterization of the fee award in the 1/31/13 Order as merely an "interim" award that could be revisited after the proceedings on remand is inconsistent with this Court's rulings in the 9/11/12 Order and the 1/31/13 Order. Although this Court in the 9/11/12 Order remanded a portion of the case to the Hearings Officer, nothing in the 9/11/12 Order indicated that this Court would revisit Plaintiffs' award of attorneys' fees after the proceedings on remand. Plaintiffs chose to file the First Fee Motion after the 9/11/12 Order. This Court ruled upon that request and issued a final decision on Plaintiffs' entitlement to attorneys' fees for the proceedings associated with the 9/11/12 Order. The instant order will constitute this Court's ruling on Plaintiffs' entitlement to attorneys' fees for the proceedings associated with the 12/17/13 Order.[3] In the 12/17/13 Order, this Court did not reconsider its rulings in the 9/11/12 Order; this Court made rulings based on the parties' briefing regarding the proceedings on remand. Any success that Plaintiffs obtained in their appeal from the Hearings Officer's Decision on Remand did not alter the fact that the record that this Court considered in the 9/11/12 Order was insufficient to determine what compensatory education Student was entitled to receive.

In the alternative to their argument that the 1/31/13 Order merely granted an interim fee award, Plaintiffs also argue that they are entitled to relief from the 9/11/12 Order pursuant to Fed.R.Civ.P. 60(b). Rule 60(b) states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

None of these grounds apply in the instant case. This Court therefore concludes that

---

3. This Court notes that, insofar as the instant Fee Motion sought attorneys' fees incurred from November 1, 2012, the Fee Motion includes attorneys' fees that Plaintiffs could have requested in their objections to the First F & R, which Plaintiffs filed on December 14, 2012. [Dkt. no. 43.] For example, in the instant Objections, Plaintiffs request an additional award of the attorneys' fees incurred from the review of the F & R through the filing of the Objections. [Objections, Decl. of John P. Dellera ("Dellera Decl.").] Plaintiffs arguably waived their entitlement to the fees incurred from November 1, 2012 to December 14, 2012 by failing to make a similar request in their objections to the First F & R.

Further, even assuming, *arguendo*, that it is proper to award fees for November 1, 2012 to December 14, 2012 in connection with the instant Fee Motion, the fee award for that period arguably should have been based on the $275 hourly rate awarded to Mr. Dellera in the 9/11/12 Order. Defendant, however, did not raise these arguments in either its memorandum in opposition to the Fee Motion, [filed 1/27/14 (dkt. no. 75),] or in the instant Objections. This Court therefore finds that Defendants waived these issues, and this Court will not review the magistrate judge's award of attorneys' fees for the period from November 1, 2012 to December 14, 2012.

Plaintiffs are not entitled to Rule 60(b) relief from the 9/11/12 Order.

Having reviewed the issue de novo, this Court agrees with the magistrate judge's analysis that Plaintiffs are not entitled to the restoration of the fees deducted in the 1/31/13 Order based on limited success. Plaintiffs' objection on this issue is DENIED.

## II. *John Dellera's Hourly Rate*

■ Plaintiffs next object to the F & R's reduction of the requested hourly rate for Mr. Dellera from $400 to $300. Plaintiffs argue that the reduction is inconsistent with the Hawai'i Supreme Court's holdings regarding hourly rates in *Kaleikini v. Yoshioka*, 129 Hawai'i 454, 304 P.3d 252 (2013). [Objections at 7–8.] Plaintiffs emphasize that, in *Kaleikini*, the Hawai'i Supreme Court, *inter alia*, awarded an attorney with "half as much experience" as Mr. Dellera attorneys' fees based on an hourly rate of $300. [*Id.* at 7–9.] *Kaleikini*, however, is not binding upon this Court in this Court's consideration of motions for attorneys' fees pursuant to the Individuals with Disabilities Education Act of 2004 ("IDEA"), and this Court agrees with the magistrate judge's refusal to follow *Kaleikini. See, e.g.,* F & R at 1061 (noting that "state court determinations about hourly rates have no bearing on the rates awarded in this district court").

Plaintiffs also argue that the magistrate judge erred in rejecting Mr. Dellera's requested hourly rate of $400 because that rate is consistent for the prevailing rates in the community. Plaintiffs emphasize that this district court has previously concluded "that the prevailing rate is not limited to 'IDEA cases' but includes the rate paid to 'all attorneys in the relevant community engaged in equally complex Federal litigation, no matter the subject matter.'" [*Id.* at 9 (quoting *A.D. ex rel. L.D. v.*

*Dep't of Educ., Hawai'i,* Civil No. 12–307 JMS–KSC, 2014 WL 692910, at *4 (D.Hawai'i Feb. 20, 2014) (citing *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 455 (9th Cir.2010))).] In their memoranda regarding the Fee Motion, the parties addressed whether Mr. Dellera was entitled to an award based on an hourly rate commensurate with the rate awarded to Paul Alston, Esq., in other cases. The magistrate judge ultimately found that Mr. Dellera's experience, skill, and reputation did not warrant an hourly rate commensurate with the rates that this district court has previously awarded to Mr. Alston. [F & R at 1060–61.] In analyzing this issue, the magistrate judge did not limit his analysis to IDEA cases. [*Id.* at 1060–61 (some citations omitted) (citing *Au v. Funding Group, Inc.,* 933 F.Supp.2d 1264, 1274–75 (D.Haw.2013); *Eggs 'N Things Int'l Holdings PTE, Ltd. v. ENT Holdings LLC.,* Civil No. 11–00626 LEK–KSC, 2012 WL 1231962, at *2 (D.Haw. Mar. 20, 2012), adopted by *Eggs 'N Things Int'l Holdings Pte, Ltd. v. ENT Holdings LLC.,* Civil No. 11–00626 LEK–KSC, 2012 WL 1231992 (D.Haw. Apr. 11, 2012)).] Thus, the F & R does not violate the legal principle from *A.D.* that Plaintiffs cite in the Objections.

This Court agrees with the magistrate judge, [*id.* at 1061,] that the district court's award of $300 per hour to Mr. Dellera in *A.D.* represents a reasonable hourly rate. *See* 2014 WL 692910, at *5. This Court therefore DENIES Plaintiffs' objection to the reduction in Mr. Dellera's requested hourly rate.

## III. *Reduction for Clerical/Ministerial Tasks and Block Billing*

■ Plaintiffs next object to the magistrate judge's exclusion of the following hours from Mr. Dellera's requested hours:

| 12/8/12 | A | Receive Notice of Status Conference, advise client re what is needed | 0.7 |
|---------|---|----------------------------------------------------------------------|-----|
| 3/16/13 | F | Review exhibits, compare changes in goals; review and select exhibits to be offered at remand hearing | 2.3 |

[Objections at 11.] Plaintiffs argue that the magistrate judge erred in excluding these hours because:

> The first entry was for advice to the client triggered by an upcoming status conference. The time needed to "[r]eceive Notice of Status Conference" was not more than the three or four seconds needed to open the envelope, and the reference simply provided context explaining why advice to the client was provided at that time; it is not a separate time entry improperly block billed with the advice.
>
> The second entry does not contain any clerical or ministerial time. Selecting exhibits for trial is a legal task, not something a lawyer can properly delegate to a clerical employee. *See A.D. v. Dept. of Educ., supra*, Doc. 109 at 22, 2014 WL 692910 at *8 (finding that "[i]dentifying relevant portions of the record is a legal task").

[*Id.* at 11–12 (alterations in Objections).]

In excluding these hours, the magistrate judge stated:

> The entire 3 hours may not have been spent on the identified clerical tasks, but because the clerical tasks were blocked billed with other tasks for both the 12/8/12 and 3/16/13 entries, the Court is unable to reasonably apportion the time. Therefore, the entire time entry should be excluded and 3 hours should be excluded from Plaintiff's fee award.

[F & R at 1062–63 (footnote omitted).]

As to Mr. Dellera's December 8, 2012 entry, this Court first emphasizes that the magistrate judge did not have the benefit of Plaintiffs' representation that receiving the Notice of Status Conference ("Notice") only took three or four seconds and the majority of the time reflected in this entry was attributable to advising the client about what the Notice required. Further, this entry, as well as the March 16, 2013 entry, relate to the proceedings on remand. Thus, this Court has no additional information about the content of the Notice. Even if this Court accepts Plaintiffs' representation about the amount of time it took to review the Notice, this Court does not have sufficient information to determine what the Notice required. This Court therefore cannot find that the December 8, 2012 entry reflects the rendition of legal services.

As to the March 16, 2013 entry, this Court agrees with Plaintiffs that the portion of the entry referring to "review and select exhibits to be offered at remand hearing" describes legal services. The entry, however, also includes a separate activity of "review exhibits," and this Court agrees with the magistrate judge that the limited information available indicates that this activity was clerical or ministerial in nature. Further, in light of the fact that this Court cannot determine how much of the 2.3 hours attributed to the entry as a whole was spent on the legal services, this Court agrees with the magistrate judge that the entire entry should be excluded as improper block billing.

This Court therefore DENIES Plaintiffs' objection to the exclusion of the December 8, 2012 entry and the March 16, 2013 entry.

## IV. *Reduction for Limited Success*

██ Finally, Plaintiffs object to the magistrate judge's reduction of counsel's

compensable hours by twenty percent for limited success. Plaintiffs argue that the compensatory education award of $44,335.53 in tuition reimbursement that this Court ordered in the 12/17/13 Order "is not immaterial; the amount granted is substantial, and it compensates Loveland [Academy ("Loveland") ] for an important part of the services it provided." [Objections at 12 (footnote omitted).] This Court agrees with that statement, but the significance of the final award does not automatically preclude a reduction for limited success. Further, this Court emphasizes that the award of $30,936.11 in attorneys' fees that the magistrate judge ultimately recommended is a substantial award.

Plaintiffs also argue that Ninth Circuit law prohibits district courts from reducing lodestar awards merely because the plaintiff did not recover the full amount of the damages that he or she sought. [*Id.* at 13 (quoting *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1033 (9th Cir. 2012)).] In the 12/17/13 Order, this Court ruled that "reimbursement for the speech-language services Student received at Loveland is the appropriate compensatory education award." 2013 WL 6665459, at *7. In so ruling, this Court also ruled that: Plaintiffs were not entitled to reimbursement for all of the services that Student received at Loveland; Plaintiffs were only entitled to tuition reimbursement for the 2010–2011 school year; and Plaintiffs were not entitled to tuition reimbursement for the 2011–2012 school year. *Id.* This Court also rejected Plaintiffs' argument that Plaintiffs were entitled to reimbursement of the tuition for Student's entire program at Loveland because the speech-language services at Loveland were integrated with all of the other services that Loveland provided, including mental health services. This Court noted that it previously ruled that mental health services were not in-

cluded in the scope of the compensatory education award. *Id.* at *9.

Plaintiffs appear to argue that, because the magistrate judge stated, "[t]he $44,335.53 compensatory education award, which amounts to 13% of the amount requested by Plaintiff, cannot be said to represent a material improvement in Plaintiff's degree of success," the magistrate judge applied the limited success reduction based solely on the fact that Plaintiffs did not recover as high an award as they requested. Reading the F & R and the 12/17/13 Order as a whole, however, it is clear that the reduction in the amount of the requested compensatory education award was the result of multiple legal and factual rulings that were adverse to Plaintiffs. Thus, the reduction did not violate Ninth Circuit cases such as *Evon.*

Plaintiffs also argue that the twenty-percent reduction violates *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1203 (9th Cir. 2013). [Objections at 13.] The magistrate judge considered the *Gonzalez* argument in the F & R, [F & R at 1064,] and this Court, having reviewed the matter de novo, agrees with the magistrate judge's analysis. This Court therefore concludes that the magistrate judge's application of the twenty-percent reduction did not violate *Gonzalez.*

This Court DENIES Plaintiffs' objection to the reduction for limited success.

## V. *Summary and Request for Additional Fees*

■ This Court has reviewed all of the challenged portions of the F & R de novo and has denied all of Plaintiffs' objections. This Court therefore ADOPTS the F & R in its entirety.

Plaintiffs also request an additional award for the 13.2 hours that Mr. Dellera spent in connection with the Objections.

Insofar as this Court has denied the Objections in their entirety, this Court also concludes that Plaintiffs are not entitled to an award of the attorneys' fees associated with the Objections. [Objections at 15; Dellera Decl. at ¶ 2.] Plaintiffs' request for an award of additional attorneys' fees is therefore DENIED.

### CONCLUSION

On the basis of the foregoing, Plaintiffs' Objections to the magistrate judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Second Motion for Attorneys' Fees and Related Nontaxable Expenses, filed March 12, 2014, are HEREBY DENIED. Plaintiffs' request for an award of additional attorneys' fees associated with the Objections is also DENIED. This Court therefore ADOPTS the magistrate judge's F & R as the order of this Court.

This Court ORDERS Defendant's counsel to arrange the transmission of the $30,936.11 award to Plaintiffs, through Plaintiffs' counsel, by **May 29, 2014.**

IT IS SO ORDERED.

### FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S SECOND MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES

KEVIN S.C. CHANG, United States Magistrate Judge.

Before the Court is Plaintiff I.T.'s ("Plaintiff") Second Motion for Attorneys' Fees and Related Nontaxable Expenses ("Motion"), filed December 30, 2013. On January 13, 2014, Plaintiff filed a Statement of Consultation ("SOC"). Defendant Department of Education, State of Hawaii ("Defendant") filed an Opposition on January 27, 2014. On February 10, 2014, Plaintiff filed a Reply.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART, and that Plaintiff be awarded $30,936.11 in attorneys' fees and tax.

### BACKGROUND

Plaintiff commenced this action to appeal an October 6, 2011 decision issued by Hearings Officer Richard Young. Plaintiff sought to have the Hearings Officer's Decision vacated. Plaintiff requested that judgment enter approving his unilateral placement at Loveland Academy and ordering Defendant to pay his Loveland tuition and related transportation costs from November 10, 2012, until placement is changed; to reimburse him for the cost of evaluations conducted by Drs. Murphy–Hazzard and Tyson; and to pay reasonable attorneys' fees, disbursements, and costs.

On July 30, 2012, U.S. District Judge Leslie Kobayashi issued an Order Affirming in Part and Vacating in Part the Hearings Officer's October 6, 2011 Decision ("Order"). Following the submission of supplemental briefing, Judge Kobayashi issued an Amended Order Affirming in Part and Vacating and Remanding in Part the Hearings Officer's October 6, 2011 Decision ("Amended Order"). Judge Kobayashi concluded that:

1) Defendant violated the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. § 1400 et seq., by failing to evaluate Student for a suspected auditory processing disorder, although this violation did not deny

Student a Free Appropriate Public Education ("FAPE") because the evidence ultimately established that he did not have the disorder; and 2) Defendant denied Student a FAPE by failing to address his speech/language needs until formulation of the August 23, 2010 Individualized Education Programs ("IEP").

Amended Order at 2. As a remedy for the denial of FAPE, Judge Kobayashi granted Plaintiff's request for compensatory education and remanded the matter to the Hearings Officer for a determination of the form of the compensatory education. *Id.* The Hearings Officer's Decision was affirmed in all other respects.

On September 25, 2012, Plaintiff filed a motion for attorneys' fees. This Court issued a Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorney's Fees and Related Nontaxable Expenses on November 30, 2012 ("F & R"). Relevant to the instant Motion, this Court concluded that $275.00 was a reasonably hourly rate for John Dellera, Plaintiff's counsel, and that reductions were necessary for excessiveness, clerical/ministerial tasks, inadequate descriptions, block billing, and partial success. Due to Plaintiff's limited success, the Court reduced the lodestar by 20%.

Notwithstanding Plaintiff's multiple objections to the F & R, U.S. District Judge Leslie Kobayashi overruled the objections and adopted the F & R ("Fee Order").

On June 5, 2013, the Hearings Officer issued a decision awarding compensatory education in the form of additional speech-language services to be provided over 78 weeks and determined that Plaintiff was the prevailing party ("Remand Decision"). Plaintiff was granted leave to file an amended complaint seeking review of the decision on the grounds that reimbursement of Loveland Academy tuition should

have been awarded and that the speech-language services should be provided in Plaintiff's IEP.

Plaintiff filed a First Amended Complaint on July 5, 2013.

On July 19, 2013, Defendant filed a motion to dismiss, which Judge Kobayashi denied on July 24, 2013, 2013 WL 3872787.

Upon review of the Hearings Officer's Remand Decision, Judge Kobayashi issued an Order Revising the Remand Decision ("12/17/13 Order"). Judge Kobayashi found that reimbursement for the speech-language services that Plaintiff received at Loveland was the appropriate compensatory education award for Defendant's failure to address Plaintiff's speech-language needs in the March 3, 2009 IEP and February 26, 2010 IEP. 12/17/13 Order at 18. Thus, while Plaintiff sought reimbursement for all of his Loveland expenses from July 2010 through July 31, 2012, totaling $329,184.42, Judge Kobayashi limited Plaintiff's compensatory education award to compensate him for the loss of speech-language services during the time periods covered by the March 3, 2009 IEP and February 26, 2010 IEP. 12/17/13 Order at 18–23. Judge Kobayashi found that an equitable compensatory education award for the failure to address Plaintiff's speech needs in the aforementioned IEPs was an award of reimbursement equal to 25% of his Loveland tuition from July 2010 through July 2011. *Id.* at 24. Plaintiff was awarded $44,335.53 for compensatory education. *Id.* at 25.

## DISCUSSION

### A. *Entitlement to Attorneys' Fees*

Plaintiff seeks an additional $64,736.05 in attorneys' fees and tax based on the outcome of this action. Even though this Court and Judge Kobayashi previously concluded that his success was limited,

Plaintiff believes that the events occurring since the Amended Order demonstrate that his success was not limited. Relying on findings in the Amended Order that were already addressed and considered in connection with the first motion for fees to assess Plaintiff's degree of success, Plaintiff contends that Defendant will be more careful to comply with the law because of Judge Kobayashi's decisions. Specifically, Plaintiff notes that Defendant revised his IEP to included mental health services that his mother requested for years. Plaintiff also cites the reimbursement of a "substantial portion" of his Loveland tuition as evidence of his success.

Defendant does not dispute that Plaintiff is the prevailing party with respect to the additional proceedings, but opposes Plaintiff's renewed claims for the fees previously denied. Defendant submits that there is no basis to conclude that the 12/17/13 Order changed the amount of success in the original due process hearing and subsequent appeal. In addition, Defendant asks that the Court apply a percentage reduction to the lodestar for the fees incurred in connection with the remand and appeal.

■ Section 1415 of Title 20 of the U.S.Code provides: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). To be considered a "prevailing party" for attorneys' fees purposes, "a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned." *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir.2004) (quoting *Roberson v.*

*Giuliani*, 346 F.3d 75, 79 (2d Cir.2003)) (quotations omitted).

There is no dispute that Plaintiff is the prevailing party. However, the Court agrees with Defendant that the 12/17/13 Order did not change the degree of Plaintiff's success. Indeed, Plaintiff relies in part on Judge Kobayashi's determinations about the assessment for Central Auditory Processing Disorder ("CAPD") and denial of FAPE in the March 3, 2009 IEP and February 26, 2010 IEP as evidence of his success. But these conclusions were made in the Amended Order and were already considered by this Court and by Judge Kobayashi in finding that Plaintiff's success was limited.

Plaintiff also points to a revision to his IEP to include mental health services and the reimbursement of a "substantial portion" of his Loveland tuition as demonstrative of his success. Defendant challenges Plaintiff's argument that this litigation resulted in the change to the IEP. Even assuming this litigation caused such a change to the IEP, that does not alter the rulings and findings made by Judge Kobayashi in the Amended Order that success was limited. As for the Loveland reimbursement, it is disingenuous for Plaintiff to claim that he received a substantial portion of his tuition. He requested $329,184.42, but only received $44,335.53. That he received 13% of his request can hardly be said to constitute reimbursement of a substantial portion of the tuition. In any event, the proceedings that followed the issuance of the Amended Order, the F & R, and the Fee Order did not alter, nor did it have any meaningful impact on, the Amended Order or this Court's finding that Plaintiff's success was rather limited. For these reasons, Plaintiff is not entitled to restoration of the 20% reduction previously imposed. The Court accordingly recommends that the $11,626.12 in fees

and tax requested for restoration be denied.

## B. *Fee Request*

In addition to the restoration of previously denied fees,[1] Plaintiff requests $50,720.00 in fees[2] plus $2,389.93 in tax, for a total of $53,109.93.

■ Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *See Fischer v. SJB–P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir.2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), which have not already been subsumed in the lodestar calculation. *See Fischer,* 214 F.3d at 1119 (citation omitted).

■ The factors articulated by the Ninth Circuit in *Kerr* are as follows:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr,* 526 F.2d at 70.[3] Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 728, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987); *see also Fischer,* 214 F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

### 1. *Reasonable Hourly Rate*

■ In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. *See Webb v. Ada County,* 285 F.3d 829, 840 &

---

**1.** Herein lies the problem with requesting an award of fees prior to the final disposition of a case. The Court is forced to evaluate the fee issue without the benefit of knowing the final outcome, and Plaintiff uses the second opportunity to attempt to alter the determination regarding the interim fee award. Moreover, the Court is required to revisit and consult the underlying papers of the interim fee motion, often more than one year later, in evaluating the final fee request. Judicial economy is not served by this duplication of effort. Plaintiff's counsel is advised in future cases to wait until the final disposition of the case to request attorneys' fees so that a complete picture of the degree of success is known to the Court and the parties when assessing the fee issue.

**2.** This figure represents 126.8 hours at a $400.00 hourly rate.

**3.** Factors one through five have been subsumed in the lodestar calculation. *See Morales v. City of San Rafael,* 96 F.3d 359, 364 n. 9 (9th Cir.1996). Further, the Ninth Circuit, extending *City of Burlington v. Dague,* 505 U.S. 557, 567, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & County of San Francisco,* 976 F.2d 1536, 1549 (9th Cir.1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993).

n. 6 (9th Cir.2002). The reasonable hourly rate should reflect the prevailing market rates in the community. *See id.; Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992), *as amended on denial of reh'g*, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); 20 U.S.C. § 1415 ("Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

Plaintiff requests an hourly rate of $400.00 for Mr. Dellera, notwithstanding multiple orders in this district awarding Mr. Dellera a $275.00 hourly rate.[4] Plaintiff believes that Mr. Dellera's experience, years of experience, a state court decision, and the declaration of Roger Badger support the requested rate.[5]

Defendant counters that Mr. Dellera is not entitled to a $125.00 increase in his previously awarded hourly rate. Defendant takes issue with Plaintiff equating Mr. Dellera with Paul Alston. The Court agrees that there is no legitimate basis to draw comparisons between the two, other than the fact that both have practiced for approximately the same number of years.

Mr. Alston, one of the most prominent and experienced civil litigators in this district, has been awarded among, if not the highest, hourly rates in this district. However, this Court has limited even his hourly rate to $395.00. *Au v. Funding Group, Inc.*, 933 F.Supp.2d 1264, 1274–75 (D.Haw. 2013) (adopting this Court's recommendation to award Mr. Alston a $395.00 hourly rate); *Eggs 'N Things Int'l Holdings PTE, Ltd. v. ENT Holdings LLC.*, Civil No. 11–00626 LEK–KSC, 2012 WL 1231962, at *2 (D.Haw. Mar. 20, 2012), *adopted by Eggs 'N Things Int'l Holdings Pte, Ltd. v. ENT Holdings LLC.*, Civil No. 11–00626 LEK–KSC, 2012 WL 1231992 (D.Haw. Apr. 11, 2012) (finding reasonable an hourly rate of $395 for Mr. Alston). Other judges in this district have awarded him as much as $540/$567. *Eckerle v. Deutsche Bank Nat'l Trust*, Civ. No. 10–00474 SOM–BMK, 2012 WL 896266, at *3 (D.Haw. Feb. 21, 2012), *adopted by Eckerle v. Deutsche Bank Nat'l Trust*, Civ. No. 10–00474 SOM–BMK, 2012 WL 896258 (D.Haw. Mar. 14, 2012); *see also Olson v. Lui*, Civ. No. 10–00691 ACK–RLP, 2012 WL 3686682, at **3–4 (D.Haw. Aug. 27, 2012) (awarding Mr. Alston a $450 hourly rate). However, these rates are excessive. As the Court explained in *Au v. Funding Group, Inc.*, it "believes that $450 is excessive and not in line with the fee awards in this district. To ensure

---

**4.** Plaintiff previously requested a $290.00 hourly rate, an increase from his $275.00 hourly rate, based on inflation. The Court rejected the argument. Plaintiff concedes Mr. Dellera's rate in this district is $275.00, but argues that it is below prevailing rates as evidenced by a recent Hawaii Supreme Court decision, *Kaleikini v. Yoshioka*.

**5.** Plaintiff also notes that he has requested a $400.00 hourly rate on a motion for attorneys' fees pending before the Appellate Commis-

sioner for the Ninth Circuit. The fact that a party seeks a specific amount is not evidence or authority to support the present request. Just as a request for a $700.00 hourly rate in another case before another court would have no bearing on the Court's determination here, neither does Plaintiff's request pending before the Ninth Circuit. Even if the Ninth Circuit awarded that amount in a different case, it would not necessarily compel this Court to do so.

consistency within this district, the Court is guided by the hourly rates generally awarded in this district, not the amounts charged to clients, nor rates that appear to be outliers." *Au*, 933 F.Supp.2d at 1275. Awarding Mr. Dellera an hourly rate that is higher than the amount typically awarded to Mr. Alston would be inconsistent with the awards generally granted by the Court for someone with Mr. Dellera's experience, skill and reputation.[6]

Neither the state court opinion regarding hourly rates nor Mr. Badger's declaration are persuasive or binding. In the F & R, the Court already explained that the declaration of a colleague does not guide or drive the Court's determination about hourly rates. Moreover, state court determinations about hourly rates have no bearing on the rates awarded in this district court. However, the Court is guided by and finds persuasive a recently issued order in this district finding reasonable a $300.00 hourly rate for Mr. Dellera. *A.D. v. Dep't of Educ.*, Civil No. 12–00307 JMS–KSC, 2014 WL 692910, at *5 (D.Hawai'i Feb. 20, 2014). As such, the Court finds that $300.00 is a reasonable hourly rate for Mr. Dellera.[7]

### 2. *Hours Reasonably Expended*

 Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. *See Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F.Supp.

632, 636 (D.Haw.1993) (citations omitted). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. *Id.* at 637 (citing *INVST Fin. Group v. Chem–Nuclear Sys.*, 815 F.2d 391, 404 (6th Cir.1987), *cert. denied*, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987)). This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Soler v. G & U, Inc.*, 801 F.Supp. 1056, 1060 (S.D.N.Y.1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. *See Gates*, 987 F.2d at 1399 (quoting *Hensley*, 461 U.S. at 433–34, 103 S.Ct. 1933).

Plaintiff submits that Mr. Dellera expended 126.8 hours. He contends that no reduction in the lodestar should be made, but if the Court makes a reduction, it should not exceed 10%. Defendant asks that the Court reduce the lodestar by 60% because Plaintiff did not prevail on unrelated claims for mental health services, or alternatively, by 30% because Plaintiff only received 13% of the compensatory education requested. After careful review of Plaintiff and Defendant's submissions, the Court finds that the following reductions are necessary and appropriate.[8]

#### a. *Excessive Hours*

 Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. *See Gates*, 987 F.2d at 1399 (quoting *Hensley*,

---

6. The Court's comparison is not based solely on the small community of IDEA attorneys in this district.

7. Had the Court restored the fees previously deducted, the $275.00 rate would have applied, not the $300.00 rate.

8. Mr. Dellera employs quarter hour billings for some entries. Ordinarily, the Court would make reductions for quarter hour billings. However, given Mr. Dellera's representation that he only billed by the quarter hour when a task took 15 or 45 minutes, the Court shall not make reductions in this case.

461 U.S. at 433–34, 103 S.Ct. 1933). District court findings about matters such as the redundancy of the hours claimed are given considerable deference. *Davis,* 976 F.2d at 1544 (quoting *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933).

The time expended by Mr. Dellera was largely reasonable. The only reduction that should be made is for the 0.7 hours expended on 2/8/14 researching billing by the tenth of an hour. The Court did not request briefing on the matter; it only directed a response about Mr. Dellera's billing practices. Nor did Mr. Dellera submit any arguments regarding billing increments. For these reasons, the Court reduces the hours by 0.7.

### b. *Clerical or Ministerial Tasks*

▆ Mr. Dellera's time entries on 12/8/12 and 3/16/13 reflect billing for clerical/ ministerial work, i.e., reviewing court filings and other notices and selecting exhibits. Such tasks are non-compensable. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." *Jeremiah B. v. Dep't of Educ.,* Civil No. 09–00262 DAE–LEK, 2010 WL 346454, at *5 (D.Haw. Jan. 29, 2010) (citing *Sheffer v. Experian Info. Solutions, Inc.,* 290 F.Supp.2d 538, 549 (E.D.Pa.2003)).

▆ The following is a list of tasks previously deemed clerical or ministerial in this district and therefore deemed non compensable:

reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.[9]

*Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc.,* Civ. No. 09–00304 SOM–BMK, 2010 WL 4974867, at *5 (D.Haw. Dec. 1, 2010), *adopted by Haw. Motorsports Inv., Inc. v. Clayton Group Servs., NC,* Civ. No. 09–00304 SOM–BMK, 2010 WL 5395669 (D.Haw. Dec. 22, 2010) (also deeming clerical identification and organization of exhibits); *see also, e.g., Yamada v. Weaver,* Civil No. 10–00497 JMS–RLP, 2012 WL 6019363, at *10 (D.Haw. Aug. 30, 2012), *adopted in pertinent part by Yamada v. Weaver,* Civil No. 10–00497 JMS–RLP, 2012 WL 6019121 (D.Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

Mr. Dellera expended 3 hours on clerical tasks. The entire 3 hours may not have been spent on the identified clerical tasks, but because the clerical tasks were blocked billed[10] with other tasks for both the

---

9. This list is a sampling and is not exhaustive.

10. "The term 'block billing' refers to the timekeeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Robinson v. City of Edmond,* 160 F.3d 1275, 1284 n. 9 (10th Cir.1998) (citations and quotation marks omitted). Block billing entries generally fail to specify a breakdown of the time spent on each task.

District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks. *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 948 (9th Cir. 2007). *See also id.* (citing *Role Models Am., Inc. v. Brownlee,* 353 F.3d 962, 971 (D.C.Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness"); *see also*

12/8/12 and 3/16/13 entries, the Court is unable to reasonably apportion the time. Therefore, the entire time entry should be excluded and 3 hours should be excluded from Plaintiff's fee award.

Based on the foregoing, the Court finds that Mr. Dellera reasonably expended 123.1 hours.

### c. *Reduction for Partial Success*

Now that the Court has assessed the reasonableness of the time entries submitted by counsel, the Court will address Defendant's request for an imposition of a reduction for failure to prevail on unrelated claims and/or for lack of success. Plaintiff contends that a reduction is inappropriate because his degree of success has improved materially with the compensatory education award and that under Ninth Circuit precedent, the Court is only authorized to impose a 10% reduction if it is convinced that the lodestar generates an excessive award. The Court disagrees.

▆▆▆ The Court already thoroughly addressed the reduction issue in its F & R and adopts and incorporates the same analysis here. A plaintiff's degree of success should be considered in awarding fees in IDEA cases. *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1119 (9th Cir.2006). However, there is no precise rule or formula for making determinations about fee awards based on varying degrees of success. *Id.* at 1121 (9th Cir. 2006) (quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. 1933). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has dis-

cretion in making this equitable judgment." *Id.* (quoting *Hensley*, 461 U.S. at 436–37, 103 S.Ct. 1933).

> [T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under [the IDEA].[11] Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley*, 461 U.S. at 440, 103 S.Ct. 1933. Where, as here, Plaintiff's claims for relief involve a common core of facts and are based on related legal theories, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435, 103 S.Ct. 1933.

In exercising its discretion, the Court concludes, as it did before, that Plaintiff's fee award should be reduced by 20%, in addition to the abovementioned reductions. Although Plaintiff is the "prevailing party," his degree of success has not materially changed since the F & R. As before, Plaintiff only prevailed on one narrow issue. The remand and appeal resulted in an award of compensatory education, but

---

*Hensley*, 461 U.S. at 437, 103 S.Ct. 1933 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).

**11.** *Aguirre*, 461 F.3d at 1121 (holding that attorneys' fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth in Hensley and its progeny).

this Court was already aware of and considered the fact that Plaintiff would receive an award of compensatory education when it previously determined that a 20% reduction was appropriate.

Considering that the claims in this case involve a common core of facts and related legal theories, and given the rulings highlighted above, the Court finds that the 20% reduction is appropriate. The Court has focused on the significance of the overall relief obtained by Plaintiff in relation to the hours expended in this litigation and the administrative action. Although Plaintiff will obtain some form of compensatory education award, it will be limited, and it is far less than the relief requested. Therefore, the Court recommends that the lodestar be reduced by 20%.

F & R at 26–27; Fee Order at 13 ("Given Plaintiff's degree of success, the Court agrees that a 20% reduction is appropriate, and not arbitrary. Although Plaintiff understandably feels that counsel is entitled to a greater award, the Court does not agree that the F & R 'seriously understates the degree of Plaintiff's success.' "). The $44,335.53 compensatory education award, which amounts to 13% of the amount requested by Plaintiff, cannot be said to represent a material improvement in Plaintiff's degree of success. The result of the remand and appeal was that Judge Kobayashi assigned a monetary value to the compensatory education award that this Court already anticipated Plaintiff would receive. However, as the Court also expected and duly noted, Plaintiff's award was limited. Therefore, while Plaintiff prevailed and did obtain some relief, the relief was limited and any fee award must be reduced to reflect his limited success.

Plaintiff insists that the Court is limited to imposing a 10% reduction. That is true only if the Court does not explain the reduction. " '[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.' In all other cases, however, the district court must explain why it chose to cut the number of hours or the lodestar by the specific percentage it did." Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir.2013) (internal citation omitted) (alteration in original). Here, the Court has thoroughly explained why it elected to impose a 20% reduction here and in the F & R; it has not arbitrarily imposed a reduction without explanation. See id. (citing Schwarz v. Sec'y of Health and Human Servs., 73 F.3d 895, 899–900, 906 (9th Cir.1995) (affirming 75% cut to the number of hours billed where plaintiff succeeded on only 25% of his claims); Welch, 480 F.3d at 948 (affirming 20% cut to hours where fee applicant block billed, because court relied on third-party report that block billing increased number of hours by 10–30%)). Thus, the Court is not limited to the 10% "haircut" reduction identified by the Ninth Circuit.

Plaintiff erroneously argues that the Ninth Circuit has limited across-the-board cuts to 10% in the number of hours or of the lodestar amount when entries are not disallowed individually. First, as the Court discussed above, there is no restriction on percentage reductions when the Court explains why it has made the reduction. Second, the fact that specific time entries are excluded and a percentage reduction is made to the remaining compensable hours for partial success does not result in a double reduction.[12] In fact, the

---

12. To the extent Plaintiff argues that the Court's double reduction (for individual time entries and percentage reduction of compen-

sable hours) justifies the restoration of the hours excluded in the F & R and Fee Order, the argument is barred and rejected. Judge

method employed by this Court is both necessary and appropriate. The reductions made for excessiveness and clerical work are reductions regularly made by this Court in all cases. Plaintiff is not allowed to recover for tasks that are found to be non compensable. By eliminating these tasks from the total compensable hours, the Court makes a reduction for partial success only to the compensable hours, not to the compensable and non compensable hours. The Court has not made a reduction on top of a reduction; it has separated and distinguished the reductions. No prevailing parties are entitled to recover non compensable hours. The question remaining for the Court after its exclusion of specific time entries is whether Plaintiff is entitled to the entirety of the compensable hours. Under the facts of this case, he is not.

If Plaintiff had achieved greater success, the compensable hours would simply be multiplied by Mr. Dellera's hourly rate and the resulting lodestar would be the fee award. But because Plaintiff's success was not as significant as he believes, and it is impossible for the Court to identify specific time entries to be excluded on the basis of partial success, the compensable hours must be reduced by a percentage. The Court has reduced the hours in the most precise method possible based on the time entries. Accordingly, the 123.1 compensable hours are reduced by 20% and 98.48 hours were reasonably incurred.

### C. Total Fee Award

Based on the foregoing, the Court finds that Plaintiff has established that he is entitled to $29,544.00 in fees (98.48 hours × $300.00) plus $1,392.11 in tax, for a total of $30,936.11.

Kobayashi already concluded that this Court's reductions were proper (both the individual time entry reductions and the percentage re-

## CONCLUSION

In accordance with the aforementioned discussion, this Court FINDS and REC-OMMENDS that Plaintiff's Second Motion for Attorneys' Fees and Related Nontaxable Expenses, filed December 30, 2013, be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award Plaintiff $30,936.11 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 27, 2014.

duction) and there is no basis to restore the previous reductions pursuant to this newly raised argument.